ORFINGER, M., Senior Judge.
Appellant contends that the trial court erred in not seeking a further recommendation from the Department of Juvenile Justice (Department) after rejecting the Department’s recommendation of level 6 restriction, and instead committing appellant to a level 8 restriction, after stating on the record its reasons for doing so. Appellant relies on *1204 E.D.P. v. State, 23 Fla. L. Weekly D348, — So.2d - (Fla. 1st DCA Jan. 27, 1998); J.P.M. v. State, 688 So.2d 458 (Fla. 1st DCA 1997) and S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996). In the cited cases the first district has taken the view that a recommendation of community control is not a “restrictiveness level,” so that a trial court’s determination not to follow that recommendation requires a resubmission to the Department for a recommended restrictiveness level. Relying on the language ' of See. 39.052(4)(e)3, Fla. Stat. (1995), the second district disagrees with the first, and holds that a recommendation of community control is a “restriction,” thus no further submission to the Department is required when the trial court determines to depart from the recommended sanction. See, D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA 1998).
These cases are distinguishable because here the Department recommended a restrictiveness level 6 and the court departed to level 8. Thus, whether community control is or is not a restrictiveness level plays no part in our decision here. Under the facts of this ease, no further recommendation from the Department was required.
AFFIRMED.
GOSHORN, J., concurs.
DAUKSCH, J., concurs in conclusion only.